Good morning. May I please the court and counsel? I am Suzanne Elliott and I represent Mr. Pina in this matter. The sole question pending before the court today is whether or not Mr. Pena properly exhausted the federal constitutional dimensions of his juror misconduct claims in the Washington State appellate courts. The answer is yes, and he did so in two different ways. First, Pena raised the issues in his appeal of right in the Washington appellate courts. The district court erred here because the district court found that he had abandoned his juror misconduct claims in the Washington State before he got to the Washington State Supreme Court essentially. There's absolutely no question that he raised them to the Court of Appeals, Division I. There's extended discussion in his case. He was in custody and his appointed counsel determined that he would not be filing a petition for review. So Mr. Pena asked for more time to file his petition for review in the Washington State Supreme Court. And I've cited in the excerpt of record evidence of the Washington State Supreme Court's practice, which is, generally speaking, to extend the time to file a petition for review, then frequently denying the petition in the same breath. But nonetheless, they do not routinely deny time. In this case, however, the clerk said, no, I'm not going to give you more time because you didn't really explain the basis and you're not telling us why there would be a substantial reason to extend time. So Mr. Pena then filed a motion to modify properly and timely with the Washington State Supreme Court clerk. And under the rule 17.7, RAP 17.7, that motion goes to the full panel. And in that motion for more time, he explained the federal constitutional dimension of his claim. He cited to the cases that he had been citing throughout and said, look, I have this juror misconduct claim, I believe, that my right to a fair and impartial jury was violated by the fact that the jurors began deliberating before all of the evidence was in. On that basis alone, I think he's exhausted his claim. You know, exhaustion is not sort of a game with a trap for the unwary. It's to give the Washington State Supreme Court the chance to decide the question. Why did the Court of Appeals deny the claim? The Court of Appeals in Washington State? Yeah. They, well, they didn't find much merit to his claim. Right. Why is there merit to the claim? Well, they distinguish all the federal cases. You know, that was not the issue that was granted on a certificate of appealability here, and the district court didn't reach that claim. But the Washington State Court of Appeals said, we're not persuaded by the cases that you have cited, and I think ultimately concluded that there's no prejudice here. Well, isn't it correct that we can reach the merits if we wish? And I'm just speaking for myself, but I'm willing to give your client credit for trying everything he, doing what he could to get the case up to the Washington Supreme Court. But we could spend another five years with this bouncing around the courts, and why should we? Well, I understand the court's notion that perhaps it would be a pyrrhic victory to have exhausted his claims had the district court here reached the underlying merits of his juror misconduct claim. I would, assuming that, and I'm having a difficult time finding a basis to argue that there was prejudice based upon his juror misconduct claim. There's no doubt about that. May I just segue from my colleague's comment to make it specifically? It seems to me the Washington State Court applied a valid procedural bar to the juror misconduct claim. Why isn't that the end of the story? I mean, there's no ends of justice issue here, is there? Well, there, my answer to that is the Washington State procedural re-litigation bar, this court should not find is a substantial independent bar because it always involves the merits of the claim. As I point out. But that's the whole point, is it not? Yes. If you have a valid procedural bar, that's the end of the story, is it not? It is, but here the state is arguing that the procedural, the re-litigation bar is valid because it's independent of the constitutional question. That's not true. Well, even if you include the constitutional question, at least as I read the record, he raised those issues. So I get to your first point. He raised the issues. It was considered or not, as the case may be, the state's, you know, then you've got a valid procedural bar, you had an opportunity to do it. Well, I think he is not, here's what I would ask the court to do. I'd ask the court to affirm, well, to reverse the court on the procedural questions. I believe he exhausted under both prongs that the In re Taylor bar is not independent. Affirm hurdle. I don't think you can do anything about Cone, which I've cited in my briefing. It's a U.S. Supreme Court decision. So none of those apply. If the court wishes to reach the merits of the issue, I'm here to tell you I think that I would have a difficult time showing a Brecht standard harmless error problem here. But then you get back to what Judge Schroeder said. Why should this just continue to bounce around the courts here? I mean, he's had his day. What's the end of this? Well, I would ask that the published portion affirm Cone and Purdell. As to the merits, I'm certain this court could find a basis to affirm here. I would also point out that Mr. Pena has, I think, been released from everything but his legal financial obligations in terms of his probation in this matter. I would also like to point out that, you know, the State didn't cite Cone and Purdell in the district court. And I think we would have been in the district court had been correctly informed about the standards of review here would have reached the merits and probably reached the same decision that Judge Schroeder has reached. I appreciate your candor, counsel, very much. But let me just clarify a point for myself. There's a distinction between exhaustion and procedural bar procedurally. And here, at least as far as the formalities of the record indicate, the Washington State Supreme Court never dealt with the merits of the direct appeal. Correct? I mean, what they did was they denied a petition to appeal late, and then they denied a motion for reconsideration of that decision. I would actually answer that a little differently. What happened was he asked for additional time. The clerk said, if you look at, it was actually a paragraph, said, look, you haven't told us why you need more time, why it would be in the interest of this court to give you more time. Under the Washington rules, under the motion to modify the clerk's procedure, that motion in the supporting documentation goes to the full Washington State Supreme Court. So now, again, they did issue basically a one-not line ruling saying the motion for additional time is denied. But I think it's fair to say that they considered whether or not it was in their interest. I think they did consider the underlying case. That's what I'm struggling with, and maybe it's just a lack of familiarity with Washington procedure. But all you have is a denial by the clerk of the request for an extension of time. Yes. And then in California, we call it a postcard denial. You just get a postcard saying denied. So as far as we know, all the Washington Supreme Court did was say the clerk was within her discretion of denying the extension. And there's no record that indicates that the constitutional claim was ever considered by the Washington Supreme Court on the direct appeal. There's no explicit ruling on the constitutional issue. On the other hand, it's my argument that they had to consider that because had they determined that there was this great Federal constitutional issue, they would have extended time and accepted review because it was mixed up in the question of whether they should give more time. But the question is whether there's a colorable argument as opposed to whether the constitutional claim has merit, right? Because what they're doing is they're reviewing the discretion that was exercised by the clerk. That's correct. I will save whatever time I have for rebuttal. I think the Court knows my position. I ask that the Court not make any changes to the rule enunciated in Perl or Cohn and otherwise deal with the case. Thank you very much. Thank you. Please, the Court. I am Assistant Attorney General Rhonda Larson for the State Appellees. The Court did mention that opposing counsel had stated that Pina did everything he could to try to get this claim before the Supreme Court in the State. But, in fact, all of his claims were available to him at the time that he moved for an extension of time. He had all those claims written up in his brief to the Court of Appeals. And prisoners are filing motions for discretionary review and petitions for discretionary review in the Supreme Court at State level all the time. So it is, in fact, it's not that hard. Is it still the State's position that the juror misconduct claim was not exhausted? That's correct, Your Honor. What about the Casey v. Moore that indicates that, in this case, the fifth personal restraint petition could be satisfied through the PRP? The Casey v. Moore dealt with a case where it wasn't procedurally barred. In the later petition, in this case, his fifth personal restraint petition was procedurally barred because he had raised the same claim in the Court of Appeals, the exact federal claim in the Court of Appeals on direct appeal. And so here he did fail to follow State procedural rules, and O'Sullivan v. Burkle required him to properly exhaust his remedies by fairly presenting his claims in the State courts. Because he violated the State procedural rules, he didn't fairly present his claims. Instead, he defaulted those claims for purposes of his petition in the federal habeas relief. Let's assume just for purposes of discussion, not that it's necessarily correct, but let's assume for a moment that there was an exhaustion that did, in fact, take place. I gather the State's position is that the procedural bar, that's the end of the story. Exactly, Your Honor. We wouldn't even be here today. Right. And as to the issue regarding Cohn v. Bell and Purtle v. Morgan, because he actually raised his claims in direct appeal, the State court's application of the relitigation bar was a correct application. And the opposite result occurred in Cohn v. Bell and Purtle v. Morgan. In those cases, the State court erroneously applied its relitigation bar. In both those cases, the petitioner had not raised his federal constitutional claim in prior proceedings. So it was understandable that the Supreme Court and this Court held in those cases that the relitigation bar did not specifically bar those petitioners' claims. But was the district court inaccurate? The district court in Mr. Pena's case? In this case, yes. In saying that there was a failure to exhaust rather than a procedural bar. The exhaustion technically occurred, but, yes, I would say that sometimes happens. Probably why we're here. So everyone agrees, it appears that both counsel agree, we really need to decide based upon whether there was a valid procedural bar. That's right, Your Honor. This question is whether the State's relitigation bar, when correctly invoked at the State level, subsequently bars federal habeas review. And the procedural bar applies here because Mr. Pena did not utilize the discretionary review by the State Supreme Court on his direct appeal. That's right, Your Honor. Under O'Sullivan v. Buerkle, he has to use the standard appeal methods. So the fact, even though his State PRP did deal with the same issue and was decided by the State Supreme Court, that constituted impermissible relitigation under Washington State law, and it's sufficient to bar our consideration here. That's right, Your Honor. That is the rule that Cohn v. Bell also reiterated. When there is a failure to raise the claims in compliance with the State procedural rules, the State court's refusal to adjudicate the claim ordinarily qualifies as an independent and adequate State ground for denying federal review. I assume that you're not waiving any right to argue that there's no merit to the claim in any event because the State court of appeals got it right. That's right, Your Honor. If this court asked us to, we would address the merits. Any further questions? The State respectfully asks this court to affirm the district court's judgment denying the habeas corpus petition. Thank you. I would just briefly like to address Washington's procedural bar rule. What In re Taylor says is this. It says you're barred on a habeas proceeding if the issue was raised and rejected in the appeal of right and the ends of justice would not be served by reaching the merits again in the PRP. It seems to me that that will – that what the State is arguing here is precisely the catch-22 that the court identified in Cone as not providing a correct procedural bar. That is, we're going to tell you we already heard one full round of your appeal, so we're not going to consider it again. So either you defaulted or you didn't. And here, either Mr. Pena defaulted or he didn't, and he didn't. And so – and if he did, it could have been heard if the court felt that there were sufficient grounds. So, again, I'd ask this Court not to disturb Pertl or Cone, and I have, I guess, no objection to the Court proceeding to the merits. Thank you. Thank you, Counsel. Thank you. The matter just argued is submitted for decision.
judges: Fogel, Schroeder, Smith M.